56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sonya L. COOPER, Plaintiff-Appellant,
v.
J. PALMIERI, Police Officer of the City of San Pablo,
California; M. Foise, Police Officer of the City of San
Pablo, California; Allen Sjostrand, Inspector of the
District Attorney's Office Contra Costa County, Defendants-Appellees.
 No. 93-17228.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1995.*
Decided May 19, 1995.
 
 Before: CHOY, POOLE, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sonya L. Cooper ("Cooper") appeals the district court's grant of partial summary judgment in favor of Officer Jeffrey Palmieri ("Palmieri"), Officer Mark Foisie ("Foisie"), and Inspector Allen Sjostrand ("Sjostrand") (collectively "the Defendants") on her 42 U.S.C. Sec. 1983 claims for the Defendants' use of excessive force in entering Cooper's home and arresting her and for false arrest. The Defendants assert qualified immunity from Cooper's Sec. 1983 claims. We affirm.
 
 
 3
 * Cooper was a key witness for a triple murder trial of Maurice Jackson. During a one-week period in February of 1991, Sjostrand, an inspector for the Contra Costa County District Attorney's office, unsuccessfully attempted to serve Cooper at least nine times with a subpoena for her testimony at Jackson's trial. Ultimately, Judge Michael Phelan, the presiding judge at Jackson's murder trial, saw her in open court and ordered her to testify. Cooper testified, and Jackson was convicted.
 
 
 4
 Cooper's testimony was again required at the related murder trials of Cooper's relatives, Fred Amos and Donald Boston. In early November of 1991, Sjostrand attempted to serve Cooper with a subpoena at her residence. After two unsuccessful attempts, Deputy District Attorney for Contra Costa County, Harold W. Jewett, executed an affidavit summarizing the attempts and requesting an order authorizing forcible entry into Cooper's home in order to serve the subpoena. Judge Phelan, who also presided over the second murder trial, issued an order authorizing a forced entry into the building to serve a subpoena pursuant to section 1988 of the California Civil Procedure Code. The order was directed to the district attorney, sheriff of Contra Costa County, or the San Pablo Police Department and stated that Cooper is a material witness who is concealed in her residence to prevent a subpoena being served upon her.
 
 
 5
 On November 12, 1991 shortly after 10 p.m., Sjostrand, with the help of Palmieri and Foisie, two San Pablo police officers, executed the order in Cooper's home. Prior to their entry of the property, Sjostrand showed the order and the subpoena to Palmieri and Foisie. The three knocked and announced that they had a court order to serve a subpoena and to force the door open if necessary. After three to four minutes, Sjostrand forced the door open and entered. A scuffle broke out between Sjostrand and Cooper, and Cooper was subsequently arrested pursuant to section 148 of the California Penal Code for resisting a peace officer.
 
 
 6
 Cooper filed claims under 42 U.S.C. Sec. 1983 against the Defendants on November 10, 1992 alleging that the Defendants used excessive force and falsely arrested her. Cooper further asserted state law claims for assault, battery, false imprisonment, false arrest, intentional infliction of emotional distress, and negligence in violation of the California State Constitution. The Defendants moved for partial summary judgment against Cooper, asserting that they were entitled to qualified immunity against all Sec. 1983 claims. The district court granted partial summary judgment in favor of the Defendants and dismissed Cooper's remaining state law claims pursuant to 28 U.S.C. Sec. 1367(c)(3) by an order entered on October 29, 1993. Cooper timely filed a notice of appeal on November 29, 1993. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 II
 
 7
 Cooper contends that the district court erred by granting the Defendants' partial summary judgment motion because the Defendants were not entitled to qualified immunity. The doctrine of qualified immunity exists so that "officials can know that they will not be held personally liable as long as their actions are reasonable in light of current American law." Anderson v. Creighton, 483 U.S. 635, 646 (1987). Cooper argues that Judge Phelan's order, which authorized the district attorney, the county sheriff, and the San Pablo Police Department to serve the subpoena by breaking into Cooper's home, was invalid on its face because section 1988 of the California Civil Procedure Code only authorizes county sheriffs to serve subpoenas by breaking into a building. Cooper further asserts that a reasonably well-trained officer in the Defendants' position would have recognized that the subpoena exceeded the scope of section 1988 because it allowed the Contra Costa District Attorney as well as the San Pablo Police Department to serve the subpoena.
 
 
 8
 In order to determine whether the Defendants are entitled to assert qualified immunity for alleged Fourth Amendment violations,[1] we apply a two-part test articulated in Act Up!/Portland v. Bagley: "1) Was the law governing the official's conduct clearly established? 2) Under that law, could a reasonable officer have believed the conduct was lawful?" 988 F.2d 868, 871 (9th Cir. 1993); see also Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).
 
 
 9
 Cooper alleges that the Defendants lacked authority to enter her home with a subpoena, but does not demonstrate that the law depriving them of that authority was "clearly established" at the time of the Defendants' alleged misconduct. See Romero, 931 F.2d at 627. Section 1988 states that a judge "may ... make an order that the sheriff of the county serve the subpena [sic]; and the sheriff must serve it accordingly, and for that purpose may break into the building ...." Cal. Civ. Pro. Code Sec. 1988 (emphasis added). While section 1988 specifically permits a judge to order a county sheriff to break into a building, it remains silent as to whether a judge may authorize any other peace officer to carry out the order. It is unclear as to whether the California Legislature, when it enacted section 1988 in 1872, intended to allow only the county sheriff to serve subpoenas by forcible entry or whether section 1988 was enacted simply at a time when sheriffs served most of the subpoenas. No California cases have considered whether the term "sheriff" was utilized to exclude all other peace officers.
 
 
 10
 Sjostrand relies on section 1328(a) of the California Penal Code which was also enacted in 1872 and which provides that "a peace officer shall serve in his or her county any subpoena delivered to him or her for service ...." The question before this court, however, is not whether section 1988 and section 1328(a) authorize law enforcement officers other than county sheriffs to break into a building to serve a subpoena. The question here is whether reasonably well-trained officers in the Defendants' position would have believed that breaking and entering Cooper's home to serve the subpoena was legal. See United States v. Leon, 468 U.S. 897, 922 (1984) ("[T]he officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable ...."). If a reasonable officer could believe that the Defendants' conduct was lawful, the Defendants are entitled to qualified immunity even if other reasonable officers could disagree about the lawfulness of the Defendants' conduct. See Act Up!/Portland, 988 F.2d at 872.
 
 
 11
 A reasonable officer, in the Defendants' position, could have believed that the Defendants' conduct was lawful. In arriving at our conclusion, we look to the surrounding circumstances. The Defendants possessed a court order authorizing forcible entry in order to serve the subpoena. The signed court order appeared valid on its face and appeared to be based upon probable cause. The Defendants also knew that Cooper had evaded many previous attempts to serve her with a subpoena. Finally, the Defendants were specifically authorized to serve the subpoena on the face of the order. Nothing about the acquisition, text, or purpose of the subpoena indicated invalidity.
 
 
 12
 There is no dispute regarding the facts and circumstances within the Defendants' knowledge, nor is there a dispute regarding what the Defendants and Cooper did or failed to do. "If the facts are undisputed, summary judgment ... on the merits may be appropriate." Id. at 873. Cooper fails to bring forth evidence showing that a reasonable officer in the Defendants' position could have believed the conduct unlawful. We hold, therefore, that the district court did not err in granting partial summary judgment on Cooper's 42 U.S.C. Sec. 1983 claims for excessive force and false arrest.
 
 
 13
 We also affirm the district court's dismissal of Cooper's remaining state law claims. The district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. Sec. 1367(c)(3).
 
 
 14
 Cooper disputes for the first time in her reply brief the facts stated in Jewett's affidavit in support of the subpoena order. Cooper has never contested previously either the fact that the Defendants had probable cause to believe that she was trying to avoid service or that Judge Phelan had a reasonable basis for issuing the subpoena. The district court so recognized. Cooper v. Palmieri, No. C-92-04414 WHO, slip op. at 6 (N.D. Cal. Oct. 29, 1993). "As a general rule, an appellant may not raise an argument for the first time in a reply brief." Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir. 1990), cert. denied, 502 U.S. 815 (1991). We, therefore, decline to entertain Cooper's newly asserted challenge.
 
 III
 
 15
 We AFFIRM the district court's grant of partial summary judgment in favor of the Defendants because the Defendants have successfully asserted that they are entitled to qualified immunity.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cooper alleges that her Fourth Amendment right to be secure in her home against unreasonable searches and seizures was the specific right that was violated. See U.S. Const., amend. IV. The Defendants do not dispute Coopers' contention